IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JULISSA APONTE-RIVERA,**<br><br>                    **Plaintiff,**<br><br>           v.<br><br>**DHL SOLUTIONS (USA), INC.,** *et al.,*<br><br>                    **Defendants.** | **Case No 07 C 1950**<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two separate post-trial motions filed by Plaintiff, Julissa Aponte-Rivera, seeking attorneys fees and doubling of the damages award pursuant to Puerto Rico statutes. For the reasons below, Plaintiff's motions are granted.

### I. BACKGROUND

Plaintiff Julissa Aponte-Rivera (hereinafter, the "Plaintiff") brought a gender discrimination/hostile work environment claim against her former employer, Defendant DHL Solutions (USA), Inc. (hereinafter, the "Defendant"), pursuant to Title VII of the Civil Rights Act of 1934 (the "Title VII claim"), and various laws of the Commonwealth of Puerto Rico (the "Commonwealth claims"), specifically, P.R. Laws Ann. Tit. 29, §§ 155-155m ("Law 17"); P.R. Laws Ann. Tit. 29, §§ 1232-1341 ("Law 69"); and P.R. Laws Ann. Tit. 29, §§ 146-151 ("Law 100"). After a four-day trial, the jury rendered a general verdict in favor of Plaintiff and awarded her $350,000 in unallocated compensatory damages.

The jury instructions pertaining to Plaintiff's hostile work environment claims drew no distinction between Plaintiff's Title VII claim and her Commonwealth claims. Nor did the verdict form draw any distinction between these claims and the parties raised no objection to the jury instructions or the verdict form. The jury awarded Plaintiff $350,000 in compensatory damages but did not allocate the damages among Plaintiff's separate hostile work environment claims.

The parties filed various post-trial motions after the jury verdict. Plaintiff brought the instant motions seeking (1) doubling of the damages award pursuant to Puerto Rico Law 17, Law 69 and Law 100, and (2) attorneys' fees pursuant to Law 100 and Puerto Rico Supreme Court decision *Lopez Vicil v. ITT Intermedia, Inc.*, 143 D.P.R. 574 (1997). Defendant brought a combined motion for judgment as a matter of law and a new trial. This opinion addresses only Plaintiff's motions for a doubling of damages and for attorneys' fees. It does not address Defendant's post-trial motion.

## II.   DISCUSSION

### A.   Allocation of the Damages Award

By her motions, Plaintiff seeks to invoke the post-judgment provisions of Law 17, Law 69, and Law 100 in order to double her damages and obtain attorneys' fees. Defendant argues that both of Plaintiff's motions should be denied because the jury was instructed only on Plaintiff's Title VII claim, not her Commonwealth claims so the verdict does not incorporate the Commonwealth claims and Plaintiff did not prevail on them. Thus, according to Defendant, the

post-judgment provisions of Law 17, Law 69, and Law 100 do not apply to this case. Defendant argues further that, since the entire $350,000 damages award is attributable solely to Plaintiff's Title VII claim, and Title VII has a $200,000 damages cap, the damages award should be reduced to $200,000. Defendant's arguments are incorrect.

Law 17, Law 69, and Law 100 serve virtually identical purposes and all of them outlaw gender harassment in the form of a hostile work environment, which is exactly what Plaintiff claimed in this case. *See Figueroa Garcia v. Lilly Del Caribe, Inc.*, 490 F.Supp.2d 193 (D.P.R., 2007). Moreover, Law 17, which addresses civil liability for sexual harassment in employment, and Law 69 which prohibits an employer from "discriminat[ing] against a person with respect to his working conditions[] on account of his or her sex," overlap and are merely more specific prohibitions of Law 100's ban on "any employer . . . discriminat[ing] against an employee . . . because of her . . . sex." *Id.*; P.R. Laws Ann. Tit. 29, §§ 146-151, 155-155m, 1232-1341.

Courts have recognized that hostile work environment claims brought under Law 17, Law 69, and Law 100 are essentially the same as a Title VII hostile work environment claim. *See Figueroa Garcia*, 490 F.Supp.2d 193; *Garcia v. Suarez & Co.*, 288 F.Supp.2d 148 (D.P.R., 2003); *Olivieri v. Abbott Laboratories*, No. 05-1244, 2008 WL 747082, at *8 n.8 (D.P.R., Mar. 19, 2008). Here, the hostile work environment claims Plaintiff brought under Commonwealth law were

supported by the same factual allegations as her Title VII hostile work environment claim.  Thus, because Plaintiff prevailed on her Title VII claim, she necessarily prevailed on her Law 17, Law 69 and Law 100 claims even though the jury was not instructed separately on each claim.

Having concluded that Plaintiff was victorious on her Title VII claim and her Commonwealth claims, the Court must determine how to allocate the $350,000 general damages award among these claims, taking into consideration Title VII's $200,00 damages cap.  Where a jury awards a plaintiff unallocated damages on state and federal claims courts generally consider the damages to be fungible between the state and federal claims and allocate the damages so as to maximize the plaintiff's recovery. *See Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc.*, 399 F.3d 52 (1st Cir., 2005) (citing *Hall v. Consolidated Freightways Corp. of Delaware*, 337 F.3d 669 (6th Cir., 2003); *Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565 (3d Cir., 2002); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493 (9th Cir., 2000); *Martini v. Federal Nat. Mortgage Ass'n*, 178 F.3d 1336 (D.C.Cir., 1999); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568 (8th Cir., 1997)).  This approach is consistent with the district court's general obligation to preserve lawful jury awards to the extent possible. *Rodriguez-Torres*, 399 F.3d 52 (citing *Gagliardo*, 311 F.3d 565; *Passantino*, 212 F.3d 493).  It also gives due respect to "the local jurisdiction's prerogative to provide greater remedies for employment discrimination than those Congress

afforded under Title VII." *Rodriguez-Torres*, 399 F.3d 52 (citing *Martini*, 178 F.3d 1336; 42 U.S.C. § 2000e-7 ("Nothing in [Title VII] shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any state.")). Moreover, as the court recognized in *Rodriguez-Torres*, where the jury makes an unallocated damages award there is no basis for believing that the jury favored applying the damages to the federal claim over the state claim. *Rodriguez-Torres,* 399 F.3d 52.

The First Circuit's decision in *Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc.*, is instructive. In that case, the plaintiff brought claims under Title VII and Puerto Rico Law 69 and Law 100 for wrongful termination based on gender. *Rodriguez-Torres*, 399 F.3d 52. The jury awarded plaintiff $250,000 in unallocated compensatory damages and $250,000 in punitive damages under Title VII. *Id.* Because Title VII has a $200,000 damages cap, the court had to determine how to allocate the $500,000 total damages award among Plaintiff's federal and Commonwealth claims. *Id.* The District Court followed the damages allocation approach adopted by a number of circuit courts and reduced the Title VII punitive damages award to $199,999, allocated $1 of the Title VII award to compensatory damages, and allocated $249,999 of the compensatory damages award to plaintiff's Commonwealth claims. *Id.*

Likewise, here, the Court will allocate $1 of the total damages award to the Title VII claim and $349,999 to Plaintiff's Commonwealth claims. This allocation avoids exceeding the Title VII damages cap

and maximizes Plaintiff's recovery.  Accordingly, $1 of the $350,000 total damages award is allocated to Plaintiff's Title VII claim and $349,999 is allocated to her Commonwealth claims under Law 17, Law 69, and Law 100.  Given this allocation, the Court must now address Plaintiff's motion for doubling of damages and her motion for attorneys fees.

### B.   Doubling of Damages on the Commonwealth Claims

Law 17, Law 69, and Law 100 each provide for doubling of damages awarded thereunder.  *See,* P.R. Laws Ann. Tit. 29, §§ 146(a)(1), 155j(1), 1341(a)(1).  The doubling of damages under these statutes is mandatory, *Rodriguez-Torres*, 399 F.3d at 67 (citing *Figueroa Garcia*, 490 F.Supp.2d 193), and where a damages award is allocated among federal and Commonwealth claims, only those damages allocated to the Commonwealth claims are doubled, *Rodriguez-Torres*, 399 F.3d at 66-67.

Plaintiff succeeded on her Law 17, Law 69, and Law 100 claims.  Accordingly, doubling of that portion of the damages award allocated to her Commonwealth claims is warranted, which brings the damages award on the Commonwealth claims to $699,998.  As previously stated, this holding respects Puerto Rico's "prerogative to provide greater remedies for employment discrimination than those Congress afforded under Title VII." *Rodriguez-Torres*, 399 F.3d at 66.

### C.   Attorneys Fees

Plaintiff also seeks attorneys' fees, in addition to her damages award.  Specifically, Plaintiff seeks an amount equal to 25% of the base damages award for her Law 100 claim.  Generally, on a successful

Law 100 claim, the attorney of the prevailing worker may receive 25% of the base compensation awarded to the worker for the Law 100 claim. *See Valentin v. Municipality of Aguadilla*, No. 03-1009, 2006 WL 2583757, at *1-2 (D.P.R., Sept. 7, 2006); *Lopez Vicil v. ITT Intermedia, Inc.*, 1997 WL 423411 (P.R., 1997). Plaintiff here prevailed on her Law 100 claim and the Court has allocated $349,999 of the base damages award to that claim. Accordingly, Plaintiff is also entitled to recover from Defendant the sum of $87,499.75 for attorneys fees.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's Motions for Doubling of Damages and for Attorneys Fees are granted.

The total damage award, after doubling, is $699,999. In addition to damages, Defendant is ordered to pay Plaintiff's attorneys fees in the amount of $87,499.75.

**IT IS SO ORDERED.**


                                        S/Harry D. Leinenweber
                                        U.S. District Court Judge

**DATE:**      January 25, 2010