## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JULISSA APONTE-RIVERA,

        **Plaintiff,**

    v.

DHL SOLUTIONS (USA), INC., *et al.,*

        **Defendants.**

Case No 07 C 1950

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Before the Court are three post-trial motions regarding costs and attorney's fees.  Plaintiff Julissa Aponte-Rivera (hereinafter, "Plaintiff") filed a Bill of Costs totaling $7,266.80.  Defendant DHL Solutions (hereinafter, "Defendant") filed a Bill of Costs totaling $894.25, and a Motion for $8,660.75 in attorney's fees.  For the following reasons, all three motions are denied.

### I.  BACKGROUND

Plaintiff Julissa Aponte-Rivera brought suit against her former employer Defendant DHL Solutions alleging employment discrimination based on sex.  On July 8, 2009, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's failure to promote claim, finding that it was time barred, but denied it as to Plaintiff's hostile work environment claim.  After a four-day trial, a jury returned a verdict

on November 5, 2009 for Plaintiff on the hostile work environment claim in the amount of $350,000.

The parties then filed a number of post-trial motions. Defendant filed a Motion Requesting Judgment on the Failure to Promote Claim and a Motion to Stay the Execution of Judgment Pending Post-Trial Motions.  This Court granted the stay and noted that judgment on the failure to promote claim would be entered after the post-trial motions were considered.  Plaintiff filed motions for attorney's fees and the doubling of damages pursuant to statute, which were granted on January 25.  Defendant filed a joint motion for judgment as a matter of law and for a new trial/remittitur.  This motion was granted as to a remittitur, which the Plaintiff accepted, but denied in all other respects on February 26.  On March 31, this Court entered judgment in favor of Plaintiff on the hostile work environment claim for $449,998.75 and entered judgment in favor of Defendant on the failure to promote claim.

Plaintiff filed a Bill of Costs on April 5 seeking costs related to the following:  filing fee, service of summons on Joyce Mercado, witness fee for Joyce Mercado, translation/interpretation services during trial, translation of exhibits, and a transcript of trial proceedings.  Defendant filed a Bill of Costs on April 14 seeking costs related to the following: translation of exhibits and the

deposition of Plaintiff.  On the same day, Defendant also filed a motion for attorney's fees based on its theory that Plaintiff engaged in frivolous and unreasonable litigation regarding the failure to promote claim.  Responses were filed to all three of the motions.

## II. <u>LEGAL STANDARDS</u>

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).  Although Rule 54(d)(1) does not specify what costs are allowed, "28 U. S. C. § 1920 now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987), *superseded on other grounds*.  Recoverable costs include fees for:  (1) the clerk, (2) transcripts, (3), printing and witnesses, (4) copies, (5) docketing, and (6) court appointed experts and interpreters.  *See* 28 U.S.C. § 1920.

Attorney's fees are normally excluded because the "American Rule" prohibits the shifting of a prevailing party's attorney's fees to the losing party in most cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  Exceptions include situations in which fee shifting is provided for by statute or rule, or where the court invokes its

inherent power to sanction bad-faith conduct.  *Id.* at 45-46.  Fee shifting is not limited to the parties, as an attorney may be personally liable for "excess costs, expenses, and attorneys' fees reasonably incurred" when an attorney "multiplies proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.

### III.  **DISCUSSION**

#### A.  **Plaintiff's Bill of Costs**

Plaintiff requests that the Court tax $7,266.80 in costs. Plaintiff qualifies for Rule 54(d)(1) costs as the prevailing party because she succeeded on her claim of a hostile work environment. *See Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007) (prevailing party is party in whose favor judgment is entered); *see*, *e.g.*, *Seber v. Daniels Transfer Co.*, 618 F.Supp. 1311, 1316 (W.D. Pa. 1985) (plaintiff prevails when he succeeds on one of the two counts of his claim).

To recover costs, the prevailing party is directed by the *Taxation of Costs Guidelines* (March 27, 2007) on the Court's website to submit the costs on an appropriate form and attach a verifying affidavit, supporting documentation, and a memorandum of law. Plaintiff's Bill of Costs contained only a categorization of the costs with receipts and invoices attached as exhibits.

Defendant argues that Plaintiff's Bill of Costs should be denied in its entirety for failing to adhere to certain procedural requirements.  In particular, Defendant complains that the Bill of Costs was untimely filed and did not include a supporting memorandum or affidavit.  This argument has a foundation in the *Taxation of Costs Guidelines*, which state that "[f]ailure to comply with the abovementioned requirements may entail the disallowance of a particular item or all items of costs."  The Court has the discretion to decide whether or not to deny a bill of costs for failure to comply with the Guidelines.  *See Zayas v. Puerto Rico*, 451 F.Supp.2d 310, 317-18 (D.P.R. 2006).  This discretion does not need to be exercised in this case, because Defendant's argument has an even stronger foundation in 28 U.S.C. § 1924, which reads:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Section 1924 is a statutory requirement that an affidavit be attached before this Court can tax a bill of costs. This requirement can be fulfilled by an affidavit or a sworn declaration, which is legally equivalent to an affidavit under 28 U.S.C. § 1746.  *See Trammell Real Estate Corp. v. Trammell*, 748 F.2d 1516, 1518 (11th

Cir. 1984).  Plaintiff has provided neither.  No affidavit is attached to the Bill of Costs.  Nowhere does the Bill of Costs claim the costs are "correct," "necessarily incurred," and the services "actually and necessarily performed."  Further, Plaintiff's attorney did not "declare," "certify," "verify," or state anything under penalty of perjury in the Bill of Costs such that 28 U.S.C. § 1746 would apply to make such a statement the equivalent of an affidavit. *Id.* at 1518.  Without any verification, the Court must deny Plaintiff's Bill of Costs for failure to comply with § 1924.  *See*, *e.g.*, *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 216 (7th Cir. 1975); *U.S. v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990); *Cohen v. City of Newton*, No. 2005-11727, 2010 WL 1568820, at *1 (D.Mass. Apr. 19, 2010).

## B.  Defendant's Bill of Costs

Defendant filed its own Bill of Costs, requesting $894.25 for costs incurred in defeating Plaintiff's failure to promote claim. While it is true that Defendant "prevailed" on this claim, it does not follow that Defendant is the "prevailing party" for purposes of Rule 54(d)(1).  A plaintiff does not need to win every claim they bring to be the prevailing party.  *See Smith v. Chrysler Motors Corp.*, No. 89-2898, 1991 WL 64591, at *2 (E.D.Pa. Apr. 22, 1991) ("The focus of this analysis is on the relief actually obtained

rather than on the success of the legal theories."). If the plaintiff succeeds on only one of two counts in a suit, the plaintiff is still the prevailing party and the defendant is not entitled to costs on the failed count. *See Seber*, 618 F. Supp. at 1316. Defendant has cited no authority which finds that both parties can prevail in a suit, or that the determination of prevailing party is evaluated on a claim by claim basis. Defendant is not the prevailing party in this suit and therefore cannot recover costs under Rule 54(d)(1).

## C. Defendant's Motion for Attorney's Fees

Defendant moves for attorney's fees in this case based on Title VII's fee-shifting provision and the alleged unreasonable and vexatious litigation of the failure to promote claim by Plaintiff's attorneys. Defendant asks for half of all its legal fees, $8,660.75, for the time it spent defending itself against the failure to promote claim.

The fee shifting provision of Title VII states that "[i]n any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). Plaintiff responds that Defendant is not the prevailing party in this case, and therefore cannot avail itself of the Title VII fee shifting provision. As discussed in the previous

- 7 -

section, Plaintiff is the prevailing party in this suit under Rule 54(d)(1), and there is no reason to believe the standard for prevailing party is different for Title VII. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983). Further, absent a finding that the losing plaintiff engaged in frivolous or unreasonable litigation, a prevailing defendant in a Title VII action is not entitled to its fee shifting provision. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978). Therefore, Defendant's claim for attorney's fees cannot be founded on Title VII's fee shifting provision.

As an alternative, Defendant argues that it may recover attorney's fees from Plaintiff's attorneys due to their conduct in handling the litigation. The basis for this claim is 28 U.S.C. § 1927, which states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendant argues that Plaintiff's attorneys multiplied the proceedings unreasonably when they failed to voluntarily dismiss the failure to promote claim even though it was clearly time barred. Plaintiff responds by pointing out that the failure to promote claim

was not a count in the complaint, and was never formally raised by Plaintiff.

"1927 sanctions may be awarded when an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying." *Rossello-Gonzalez v. Acevedo-Vila*, 483 F.3d 1, 7 (1st Cir. 2007) (citations and quotations omitted). The conduct must display a "serious and studied disregard for the orderly process of justice," but a finding of subjective bad faith is not required. *Cruz v. Savage*, 896 F.2d 626, 631-32 (1st Cir. 1990).

As an initial matter, it is not clear that the failure to promote claim "multiplied" the proceedings in any substantial manner. Absent this claim, Defendant would still have been required to conduct discovery into the promotion opportunity because it was relevant to the remaining claim of a hostile work environment. The events surrounding the promotion opportunity were actually presented at trial as evidence even though the failure to promote claim was dismissed before trial. The only excess expenses Defendant appears to have incurred due to the failure to promote claim was related to the motion for summary judgment. In that motion, Defendant addressed the failure to promote claim among other issues. Plaintiff's response to the motion for summary judgment did not argue that the failure to promote claim was viable, which ended the need for any

further work from Defendant on this claim.  The total additional work, one extra section in a motion for summary judgment, does not seem to be an unreasonable "multiplication" of the proceedings.

An examination of whether Plaintiff's attorneys acted "unreasonable" and "vexatious" during litigation results in a similar finding of minimal culpability.  Defendant did not demonstrate that Plaintiff's attorneys specifically pleaded a failure to promote, filed any motions upholding such a claim, or forced duplicative litigation on the issue.  Defendant's case is essentially that Plaintiff's attorneys failed to affirmatively dismiss a potential claim stemming from their client's general discrimination allegations when they knew the *potential* claim was time-barred.  This action does not rise to the level of a serious disregard for the orderly process of justice that is unreasonable and harassing.  To be sanctionable, conduct must be "more severe than mere negligence, inadvertence, or incompetence." *Cruz*, 896 F.2d at 632.  Without saying more, the failure to voluntarily dismiss a *potential* claim where the failure resulted in little additional time or labor in this case does not rise to level of sanctionable conduct under § 1927.

## IV.  CONCLUSION

For the reasons stated herein, the Court rules as follows:

1.  Plaintiff's Bill of Costs is denied;

2.   Defendant's Bill of Costs is denied; and

3.   Defendant's Motion Requesting Attorneys' Fees is denied.

**IT IS SO ORDERED.**

_____

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/1/2010